IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECCA E. PARKHURST     PLAINTIFF

vs.     Civil No. 2:20-cv-02149

ANDREW M. SAUL     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Rebecca E. Parkhurst ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.**     **Background:**

Plaintiff protectively filed her application for DIB on January 6, 2018. (Tr. 10).[1] In her application, Plaintiff alleged being disabled due to a T12 burst vertebrae and L4 and 5 herniated discs. (Tr. 186). Plaintiff alleged an onset date of October 22, 2017. (Tr. 10). Her application was denied initially and again upon reconsideration. *Id.*

---

[1]References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself, not the ECF page number.

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 102-147). This hearing was held on September 4, 2019. (Tr. 25-63). At this hearing, Plaintiff was present and was represented by counsel, Matthew Ketcham. *Id.* Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified at this hearing. *Id.* At this hearing, Plaintiff testified she was fort-eight (48) years old and had an 11th grade education. *Id.*

On January 28, 2020, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 10-19). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2022. (Tr. 12, Finding 1). The ALJ also determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") since October 22, 2017. (Tr. 12, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: disorders of the back-discogenic and degenerative, diverticulitis, obesity, and S1 radiculopathy. (Tr. 13, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 13-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC to perform light work except she could occasionally climb, ramps, and stairs, and ladders, ropes and scaffolds; and could occasionally balance, stoop, kneel, crouch and crawl. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff could perform her PRW as a teacher aid II and fast-food service manager. (Tr. 18, Finding 6). Based on this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 22,

2017 through the date of his decision. (Tr. 18, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 1-6). On July 31, 2020, the Appeals Council denied this request for review. *Id.* On August 20, 2020, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 17-18.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 17 at 4-12. Specifically, Plaintiff raised the following arguments for reversal: (1) the ALJ erred in not finding Plaintiff met a Listing, (2) the ALJ erred in his evaluation of Plaintiff's subjective complaints, (3) the ALJ erred in the RFC determination and, (4) the ALJ erred in his Step Two determination. *Id.* Upon review, the Court finds the ALJ erred in his Step Two determination. Thus, the Court will only address this argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff had the following severe impairments: disorders of the back-discogenic and degenerative, diverticulitis, obesity, and S1 radiculopathy. (Tr. 13, Finding 3). In her application, Plaintiff alleged being disabled due to T12 burst vertebrae and L4 and 5 herniated discs. (Tr. 186). During her administrative hearing, Plaintiff also discussed issues related to shoulder pain and migraines. (Tr. 33-34, 43-45). Notably, the ALJ did not discuss these impairments and did not find those impairments to be severe. (Tr. 13, Finding 3).

The records show Plaintiff was diagnosed and treated for right should pain. (Tr. 708-722, 734-797). On September 30, 2016, Plaintiff underwent a right shoulder arthroscopy. (Tr. 713-714). Plaintiff also testified about her problems associated with her right shoulder. (Tr. 33-24). Further,

5

Plaintiff testified she experienced migraine headaches. (Tr. 43-45). Treatment records document this condition and treatment. (Tr. 949-954)

As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon these reports, Plaintiff has presented sufficient evidence demonstrating her right shoulder pain and migraines. Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 27th day of May 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE